IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>  Respondent,  )<br>  )<br>vs.  )<br>  )<br>DAVID JEROME CRAWFORD,  )<br>  )<br>  Defendant/Movant.  ) | CASE NO. 06v14-A<br>(CR NO. 03-220-A) |

**UNITED STATES' RESPONSE TO § 2255 MOTION**

COMES NOW the United States of America, by and through its attorney, Leura G. Canary, United States Attorney, and, in compliance with this Court's order, responds to Defendant/Movant David Jerome Crawford's Motion Under § 2255 to Vacate, Set Aside, Or Correct Sentence By a Person In Federal Custody, as follows:

**I.  PROCEDURAL HISTORY AND RELEVANT FACTS**

On September 23, 2003, a grand jury for the Middle District of Alabama returned a single-count indictment against Defendant/Movant David Jerome Crawford ("Crawford").  See Exhibit A, the indictment.  The indictment charged that, on or about June 27, 2003, in Auburn, Alabama, in the Middle District of Alabama, Crawford, having been previously convicted in the state courts of Alabama for three previous felonies, each of which involved violence or serious drug offenses, punishable by imprisonment for a term in excess of one year, knowingly and willfully possessed a firearm, in and affecting commerce, that is, a High Point model C-9, 9mm pistol, in violation of 18 U.S.C.§ 922(g)(1).

Crawford filed a motion to suppress evidence.  On February 13, 2004, the Magistrate Judge recommended that his motion be granted in part and denied in part.  (R1:24.)  The

Recommendation was based on a finding that Crawford was intoxicated when he made certain statements subject to suppression, but that the marijuana and firearm which he carried at the time of his arrest should be admitted as evidence against him. (R1:24.16-17, 12.) On March 5, 2004, this Court adopted the Recommendation and entered an Order which suppressed Crawford's statements to Auburn police officers and denied suppression in all other aspects. (R1:28.)

On March 15, 2004, Crawford entered a guilty plea before the Magistrate Judge. See Exhibit B, a transcript of the guilty plea hearing in this case. After ordering Crawford to be placed under oath, the Court ascertained that Crawford was not under the influence of any drugs or alcohol. Exhibit B, at 2, 3. It then determined that Crawford had reviewed the indictment with his lawyer, Christine Freeman ("Freeman"), that he understood the charge against him, and that he understood the maximum penalty that could be imposed for his offense. Id. at 3. There was no specific term of imprisonment stated for Crawford to acknowledge as the maximum penalty. Id. The Court then noted that, although there was not a written plea agreement in Crawford's case, his counsel and the United States had reached an agreement. Id. at 4.

At the Court's request, Crawford's counsel summarized the agreement. Id. Freeman informed the Court that Crawford was entering a conditional plea pursuant to Fed. R. Crim. P. 11(a)(2), subject to the outcome of his appeal of the Court's partial denial of suppression. Id. at 4-5, 7-8. Crawford would not waive his right to appeal or file a motion for post-conviction relief. Id. Further, the United States had agreed that Crawford was entitled to two points for acceptance of responsibility, and that a third point may be sought at the United States' discretion. Id. at 5. Finally, the United States agreed to recommend a sentence at the low end of the applicable guidelines range pursuant to Fed. R. Crim. P. 11(c)(1)(b) , and that it may file a motion for a

downward departure in Crawford's sentence if he provided substantial assistance to the government.  Id. at 5-6.

The Magistrate Judge then reviewed the terms of the oral agreement between Crawford and the United States.  Id. at 6.  Freeman explained in greater detail that, if Crawford prevailed in his appeal of the suppression issue, the United States would lack the proof necessary for a conviction, and that he could withdraw his guilty plea.  Id. at 6-8.  The Magistrate Judge then specifically asked Crawford whether he understood that his agreement with the United States would be "communicated to the District Court in the form of a recommendation?"  Id. at 8.  Crawford responded that he understood.  Id.  Next, the Magistrate Judge sought clarification that the United States would recommend that Crawford be sentenced at the low end of his guideline range.  Id.  The United States confirmed the Court's understanding.  Id.  When the Court inquired as to what the low range was, Freeman responded that it was her "belief that the guideline range that I have discussed with Mr. Crawford would be possibly as low as seventy-seven to ninety-six months.  But there are several variables, Your Honor, and so there is no specific agreement between us that it would be seventy-seven months."  Id. at 8-9.

The Court then used the range contemplated by Freeman, which she herself had noted was subject to "several variables," and asked Crawford whether he understood that the low end of his guidelines range may be six to eight years.  Id. at 9.  Crawford responded that he understood.  Id.  The Court then asked Crawford whether he understood that the United States was not required to file an additional motion for a downward departure in his sentence.  Id.  Again, Crawford stated that he understood that the United States was not required to file a motion on his behalf.  Id. at 10.  The Court then directly questioned Freeman as to what would

occur if Crawford lost his suppression issue on appeal and was sentenced in a higher range than the one contemplated by the agreement. Id. She responded that Crawford would not have "an automatic right to withdraw his plea." Id. The Court asked Crawford whether he understood that eventuality, and whether he understood that the Court would not be bound by any recommendation made pursuant to his plea agreement. Id. at 11. Crawford responded affirmatively to both questions. Id.

In response to further questioning by the Court, Crawford stated that he had not been coerced into pleading guilty and that he did so of his own free will. Id. The Court informed him of the rights that he would be relinquishing by pleading guilty. Id. at 11-12, 13-14. It also explained that a presentence investigation report would be prepared so that the sentencing judge could consider his criminal history, and that he would be permitted an opportunity to file objections to the report. Id. at 12-13. Crawford then informed the Court that he pleaded guilty to the charge against him, and specifically affirmed that he possessed a firearm on or about June 27, 2003, in Auburn, Alabama. Id. at 14-15. Crawford also confirmed two previous convictions in the state of Alabama for second-degree assault and unlawful distribution of a controlled substance, but, when the Court asked about a third conviction for manslaughter, Freeman stated that she would concede one prior felony necessary for a factual basis under 18 U.S.C. § 922(g)(1), but that she was "not certain that we will concede each of the felonies" listed in the indictment. Id. at 15. Freeman then stipulated that the firearm possessed by Crawford had traveled in interstate commerce. Id. at 16.

The Court then found that Crawford was fully competent and capable of entering an informed plea, that he was aware of the nature of the charges and the consequences of the plea,

that the plea was knowing and voluntary, and supported by an independent factual basis containing each of the essential elements of the offense. Id. The Court then stated that it would recommend that Crawford's plea be accepted, and that he be adjudged guilty. Id.

A presentence investigation report was ordered and prepared by the U. S. Probation Office in this case. See PSI, the presentence investigation report. The report classified Crawford as an armed career criminal with a mandated offense level of 33, which was reduced to 30 when a three-point credit for acceptance of responsibility was applied. PSI, at ¶¶ 20-22, 85. Crawford's criminal history was researched for the report, and placed in criminal history category V. Id. at ¶¶ 45-47. The report concluded that Crawford's statutorily-mandated minimum term of imprisonment was 15 years, with a maximum of life. See 18 U.S.C. § 924(e)(1). Crawford's guideline imprisonment range was 180 to 188 months. PSI at ¶¶ 85-86. Crawford did not file any objections to the PSI. See Addendum to the PSI, at ¶¶ 4, 6. On June 16, 2004, the United States filed a motion for Crawford to receive credit for the third and final point for acceptance of responsibility. (R1:46.)

A sentencing hearing was held on June 23, 2004. See Exhibit C, a transcript of the sentencing hearing. The transcript reflects this Court's granting of the United States' motion for Crawford's final point for acceptance of responsibility, and its recognition that the departure had been figured in the PSI. Exhibit C, at 2. The Court then noted that no objections had been filed to the report, adopted the factual findings contained therein, and specifically found that Crawford was an armed career criminal. Id. Accordingly, the Court stated, his offense level was 30, his criminal history category was V, and his guideline range was 180 to 188 months. Id. at 2-3. Freeman requested that Crawford be sentenced to serve 180 months. Id. at 5. The United States

informed the Court that, pursuant to its oral plea agreement with Crawford, it recommended that he be sentenced at the low end of the applicable guideline range. Id. at 6.

The Court stated that due to Crawford's "prior background involving a substantial amount of violence," it could not, in good conscience, sentence him to the minimum sentence of 180 months. Id. at 6. It then sentenced Crawford to serve a total of 188 months in prison. Id. at 7. The Court specifically asked whether Crawford had any objection to his sentence, and Freeman stated that he did not. Id. at 8. After informing Crawford of his appeal rights, the Court concluded the hearing. Id. at 9. The judgment of conviction and commitment was filed in this Court on July 6, 2004.

Crawford filed an appeal in the United States Court of Appeals for the Eleventh Circuit. The sole issue raised in his appeal was whether this Court's ruling on his motion to suppress was correct. See Exhibit D, Issue Statement excerpted from Brief of Appellants. On January 31, 2005, the Eleventh Circuit affirmed this Court's judgment in an unpublished decision. See Exhibit E, a copy of the Eleventh Circuit decision in this case.

Crawford filed a petition for a writ of certiorari in the United States Supreme Court. The petition was denied on June 6, 2005.

Crawford filed this Motion to Vacate, Set Aside or Correct Sentence on December 31, 2005. On January 11, 2006, this Court entered an order directing the United States to respond within thirty days. The United States now files this response to the § 2255 motion.

## II. CLAIMS RAISED IN THE § 2255 MOTION

As far as the United States can discern, Crawford raises the following issues in his § 2255 motion:

1.  His sentence was imposed in violation of his guilty plea agreement and the Sixth Amendment to the United States Constitution;

2.  The failure of the United States to file a motion for a reduction in his sentence constituted a violation of his guilty plea agreement and the Sixth Amendment to the United States Constitution;

3.  His guilty plea was not made knowingly and voluntarily because he did not understand the consequences of his guilty plea; and,

4.  His conviction was the result of an unreasonable search and seizure which violated the Fourth Amendment to the United States Constitution.

### III. RESPONSE TO CLAIMS FOR RELIEF

**A.    Crawford Has Met The One-Year Statute Of Limitations Deadline For The Filing of Claims Under 28 U.S.C. § 2255**.

The United States notes at the outset that Crawford has filed his motion in a timely manner under paragraph six of 28 U.S.C. § 2255, which provides a one-year period of time within which to file a motion under the rule. The applicable provision in this case requires that a movant file his § 2255 motion within one year from "the date on which the judgment of conviction became final."

The Eleventh Circuit Court of Appeals has held that "a conviction is final on the day that the Supreme Court denies a convicted defendant's certiorari petition or renders a decision on the merits." Barnes v. United States, No. 05-10856, ___ F.3d ___, 2006 WL 162982 (11th Cir. Jan. 24, 2006), quoting Jones v. United States, 304 F.3d 1035 (11th Cir. 2002). The Supreme Court denied Crawford's petition for a writ of certiorari on June 6, 2005 and his conviction became final on that date. Thus, his filing of this § 2255 motion within one year of June 6, 2005, renders this motion timely.

B.    **Crawford's Fourth Amendment Claim Is Procedurally Defaulted And Not Properly Considered In This § 2255 Proceeding Because It Was Raised Before The Eleventh Circuit, And Is Procedurally Barred.**

Crawford asserts in his § 2255 motion that he was subjected to unreasonable search and seizure in violation of the Fourth Amendment to the United States Constitution. However, this issue is barred from this Court's review because the Eleventh Circuit decision has previously addressed it, and reached conclusions which were adverse to Crawford. The Eleventh Circuit has stated that the "prior disposition of a ground of error on direct appeal, in most cases, precludes further review in a subsequent collateral proceeding." Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994). Therefore, these claims, which were so clearly addressed by the Eleventh Circuit, are not only without merit, but precluded from review in this proceeding. Further, the United States asserts that the relief requested by Crawford on these issues is beyond the power of this Court, as a district court may not grant § 2255 relief that is inconsistent with the law of a case, as established in an appellate decision. See Butcher v. United States, 368 F.3d 1290, 1298-1300 (11th Cir. 2004).

C.    **The Sentencing Issues in Crawford's Motion Are Procedurally Defaulted And Not Properly Considered In This § 2255 Proceeding Because They Could Have Been Raised On Direct Appeal, But Were Not, And Crawford Has Failed To Demonstrate Cause And Prejudice To Overcome These Defaults.**

The sentencing issues raised by Crawford in his § 2255 motion are barred from this Court's review because they could have been, but were not, raised on direct appeal. Because Crawford did not raise his claims on direct appeal, however, they are barred in this collateral proceeding, unless he can show cause and prejudice to overcome the procedural bar. A motion under § 2255 cannot be used as a substitute for appeal, Burke v. United States, 152 F.3d 1329,

1331 (11th Cir. 1998), and claims not raised on direct appeal that could have been are generally barred from review in § 2255 proceedings, McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001). In Mills v. United States, 36 F.3d 1052 (11th Cir. 1994), the Eleventh Circuit succinctly summarized the law concerning procedural default as follows:

> Generally speaking, an available challenge to a criminal conviction or sentence must be advanced on direct appeal or else it will be considered procedurally barred in a [Section] 2255 proceeding.... A ground of error is usually "available" on direct appeal when its merits can be reviewed without further factual development.... When a defendant fails to pursue an available claim on direct appeal, it will not be considered in a motion for [Section] 2255 relief unless he can establish cause for the default and actual prejudice resulting from the alleged error.... Alternatively, under the fundamental miscarriage of justice exception, "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default....

Id. at 1055-56 (internal citations omitted). See also McCoy v. United States, 266 F.3d at 1258 ("A claim not raised on direct appeal is procedurally defaulted unless the petitioner can establish cause and prejudice for his failure to assert his claims on direct appeal."). The burden of demonstrating cause and prejudice or a miscarriage of justice is on the movant. See, e.g., Bousley v. United States, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,'... or that he is 'actually innocent[.]' ").

Crawford has only cited his counsel's advice not to appeal the sentencing claims which he now raises in this post-conviction proceeding. This does not provide cause to overcome the procedural default. Therefore, his sentencing claims should be dismissed on procedural grounds.

**D.      Crawford's Sentencing and Fourth Amendment Claims Are Without Merit.**

Crawford's motion contains various claims related to the admissibility of evidence against him and the sentence imposed by this Court. "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations." Stephens v. United States, 14 F.Supp.2d 1322, 1334 (N.D. Ga. 1998), quoting United States v. Guerra, 588 F.2d 519, 520-21 (5th Cir.1979). "[I]n this circuit, as well as in the Supreme Court, when a § 2255 petitioner sets out detailed factual allegations ... the petitioner is entitled to a hearing unless the motion and the files on record conclusively show the petitioner is entitled to no relief.... Typically, this circuit has found some form of corroboration to a petitioner's allegations before requiring a hearing." Potts v. Zant, 638 F.2d 727, 751 (5th Cir. 1981)(citations omitted).[1] In the event this Court finds that Crawford's claims are not procedurally barred, the following analysis demonstrates why they should be dismissed.

   **1.   Crawford's 188-month sentence was determined in accordance with his status as an armed career criminal, and did not violate his plea agreement or the Sixth Amendment to the United States Constitution.**

Crawford asserts that his sentence of 188 months violated the terms of his guilty plea agreement and the Sixth Amendment to the United States Constitution. In reality, his sentence was determined on the basis of his prior convictions for manslaughter, distribution of a controlled substance, and second-degree assault. Exhibit A. These convictions caused him to be classified as an armed career criminal under 18 U.S.C. § 924(e). See PSI, at ¶¶ 20, 85-86. The PSI explained that Crawford's offense level of 30 and criminal history category of V mandated a

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit rendered prior to the close of business on September 30, 1981.

sentence of between 180 and 188 months. Id. at ¶ 86.

Crawford's motion contends that his agreement called for a specific sentence recommendation under Fed. R. Crim. P. 11(c)(1)(C), and that this range was 77 to 96 months. Crawford Motion, at p. 5. He cites this Court to the transcript of his guilty plea hearing as evidence that his sentence violated his plea agreement. During that hearing, his counsel stated that it was her "belief that the guideline range that I have discussed with Mr. Crawford would be possibly as low as seventy-seven to ninety-six months. But there are several variables, Your Honor, and so there is no specific agreement between us that it would be seventy-seven months." Exhibit B, at 8-9. Freeman also made plain that the United States had agreed to recommend a sentence at the low end of the appropriate range, in accordance with Fed. R. Crim. P. 11(c)(1)(B), rather than a definite sentence pursuant to Fed. R. Crim. P. 11(c)(1)(C), as alleged by Crawford. Id. at 5.

The record shows that the sentencing range was understood by all parties to be undetermined at the time of Crawford's plea. Freeman's discussion of a range "possibly as low as seventy-seven to ninety-six months" was in no way guaranteed by his oral plea agreement. Therefore, a fifteen-year sentence as required under 18 U.S.C. § 924(e) did not violate his agreement.

Crawford's motion also submits that his sentence violated the Sixth Amendment to the United States Constitution. However, he does not explain the factual basis for this allegation within the context of Sixth Amendment jurisprudence. His motion does not specifically allege that his right to jury determinations at sentencing were violated under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), or any violation of his Sixth Amendment right to counsel.

Therefore, the United States will not speculate on the exact nature of this constitutional claim. The record demonstrates that Crawford was appropriately sentenced as an armed career criminal, and this claim should be dismissed.

>   **2.    Crawford's guilty plea agreement committed his eligibility for a reduction in sentence to the discretion of the United States, and the prosecutor's decision not to file such a motion did not violate his plea agreement or the Sixth Amendment to the United States Constitution.**

Crawford understood that the United States was not required to file a motion for a reduction in his sentence. His counsel clarified this understanding when she stated to the Court that "there may be a motion for a downward departure . . . ." Exhibit B, at 5. The Court itself directly asked Crawford whether he understood that his "agreement permits, but does not require, the Government to file an additional motion for a downward departure . . . ." Id. at 9. In addition to having made certain that Crawford knew that the United States was not required to file a motion, caselaw supports dismissal of this claim. The Eleventh Circuit has long held that "the decision to file a § 5K1.1 motion for downward departure from the Sentencing Guidelines or a Rule 35(b) motion for resentencing lies within the sound discretion of the Government. (citation omitted) In fact, the Supreme Court has made clear that '§ 5K1.1 ... gives the Government a power, not a duty, to file a motion when a defendant has substantially assisted.'" United States v. Alvarez, 115 F.3d 839, 841 (11th Cir. 1997), quoting Wade v. United States, 504 U.S. 181, 185, 112 S.Ct. 1840, 1843(1992).

Crawford again submits that the Sixth Amendment to the United States Constitution was violated by the United States' failure to file a motion for a downward departure. Here also, he does not explain the factual basis for this allegation within the context of Sixth Amendment

12

jurisprudence. Therefore, the United States will not speculate on the exact nature of this constitutional claim. The record demonstrates that Crawford was aware that the United States was not required to file a motion for a downward departure, and this claim should be dismissed.

**3.  Crawford was not subjected to unreasonable search and seizure.**

Crawford appealed whether this Court's ruling on his motion to suppress was correct to the United States Court of Appeals for the Eleventh Circuit. On January 31, 2005, the Eleventh Circuit found that the circumstances of law enforcement's encounter with Crawford justified a warrantless search of his person. Exhibit E, at 4. The Eleventh Circuit's prior disposition of this issue not only precludes consideration of this issue in a § 2255 proceeding, but the record shows that Crawford's claim lacks merit. Accordingly, this issue must be dismissed.

**E.  Crawford Was Not Informed Of His Maximum Possible Sentence During His Plea Colloquy.**

"Once a plea of guilty has been entered, nonjurisdictional challenges to the conviction's constitutionality are waived, and only an attack on the voluntary and knowing nature of the plea can be sustained. Bradbury v. Wainwright, 658 F.2d 1083, 1087 (5th Cir., Unit B 1981). Crawford asserts that his guilty plea was involuntary and unknowing because he did not understand the consequences of his guilty plea. The record shows that this Court made certain that Crawford understood that if he were sentenced at a higher range than the one contemplated by his agreement, he would not have an automatic right to withdraw his plea. Exhibit B, at 10-11. However, Crawford's counsel presented his possible sentence to this Court within the context of a downward departure for substantial assistance, and suggested that the felonies listed in the indictment would be challenged for sentencing purposes. Id. at 8-9, 15-16. This resulted in the

Court's presentation of six to eight years as the likely sentencing range in his case. Id. at 9.

The United States believes that any realistic assessment of Crawford's position at sentencing by his counsel would likely include information about the statutory maximum of ten years under 18 U.S.C. § 924(a)(2), or, for a defendant with Crawford's prior convictions, the fifteen-year statutory minimum under 18 U.S.C. § 924(e). However, although Crawford's motion acknowledges that he was informed during his arraignment of the statutory maximum of ten years in prison, the record does not show that he received accurate information on these points. Crawford Motion, at 6. While the hearing does not appear to have been transcribed, the United States will not pursue additional evidence of Crawford's understanding of the consequences of his plea, as the maximum possible and mandatory minimum penalties were not referenced during his plea colloquy. See Fed. R. Crim. P. 11(b)(1)(H) & (I). The United States therefore concedes that Crawford's guilty plea was unknowingly entered, and this Court should vacate his sentence.

The logical outcome of Crawford's successful motion to vacate, set aside, or correct his sentence is setting his case for trial. See O'Tuel v. Osborne, 706 F.2d 498, 501 (4th Cir.1983) (holding that when a guilty plea is involuntary "the writ [of habeas corpus] should issue subject to the state's right to bring [the defendant] to trial within a reasonable period of time.") However, a recent opinion has recognized the need to appoint counsel so that a successful § 2255 movant may consider his options when relief is granted. See United States v. Smith, ___ F.Supp.2d ___, 2005 WL 2263956, at *3 (D.Kan. 2005). In Crawford's case, the Eleventh Circuit's ruling affirming the partial denial of his motion to suppress is the law of his case, and the contested evidence would be admissible against him at trial. If convicted, Crawford would lose credit for acceptance of responsibility and face sentencing under an advisory regime that could result in an increased

sentence on the basis of his violent criminal history noted by this Court during his first sentencing. Exhibit C, at 6. Crawford should be fully informed of his options as this proceeding concludes.

### IV. CONCLUSION

The record does not show that, at the time he entered his guilty plea, Crawford was aware of the maximum possible penalty, or the minimum statutory penalty applicable to him as an armed career offender. Therefore, Defendant/Movant David Jerome Crawford's conviction is due to be vacated based upon the involuntary nature of his guilty plea.

Respectfully submitted this 10th day of February, 2006.

/s/ Susan Redmond
SUSAN REDMOND
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
susan.redmond@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | CASE NO. 06v14-A |
| | ) | (CR NO. 03-220-A) |
| DAVID JEROME CRAWFORD, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2006, I electronically filed the foregoing with the Clerk f the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant: David Jerome Crawford, #11307-002, FCI Edgefield, Federal Correctional Institution, P.O. Box 725, Edgefield, South Carolina 29824.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Susan Redmond
SUSAN REDMOND
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
susan.redmond@usdoj.gov