```
 1            IN THE UNITED STATES DISTRICT COURT
                              FOR
 2              THE MIDDLE DISTRICT OF ALABAMA

 3

 4

 5  THE UNITED STATES
       OF AMERICA
 6
           vs.                    CRIMINAL ACTION NO.
 7                                03-CR-220-E
    DAVID JEROME CRAWFORD
 8

 9

10

11

12

13

14

15              CHANGE OF PLEA PROCEEDING

16

17

18              * * * * * * * * *

19

20

21  BEFORE:      The Hon. Vanzetta Penn McPherson

22  HEARD AT:    Montgomery, Alabama

23  HEARD ON:    March 15, 2004

24  APPEARANCES: Susan Redmond, Esq.

25               Christine Freeman, Esq.
```

```
 1  WHEREUPON, THE FOLLOWING PROCEEDINGS WERE HEARD BEFORE
    THE HON. VANZETTA PENN McPHERSON ON MARCH 15, 2004 AT
 2  THE UNITED STATES COURTHOUSE IN MONTGOMERY, ALABAMA:

 3

 4          THE COURT:  United States of America vs.
 5  David Jerome Crawford, case number 03-220-E.
 6  Mr. Crawford appears in court with his attorney,
 7  Miss Christine Freeman, and representing the
 8  Government is Miss Susan Redmond.
 9          Mr. Crawford, please approach.
10          Please swear the defendant.
11          (Whereupon, the defendant was duly sworn by
12  the courtroom deputy clerk.)
13          THE COURT:  Please state your full name.
14  A    David Jerome Crawford.
15          THE COURT:  How old are you?
16  A    Forty-seven.
17          THE COURT:  How far did you go in school?
18  A    Twelve, fourteen years.
19          THE COURT:  Do you have a high school
20  diploma?
21  A    G. E. D.
22          THE COURT:  Have you ever been treated for a
23  mental illness or addiction to narcotic drugs?
24  A    Yes, ma'am.
25          THE COURT:  When was the last time you were
```

1  treated?

2  A    1993.

3           THE COURT:  Have you been in a program for

4  drug or alcohol abuse since that time?

5  A    No, ma'am.

6           THE COURT:  Are you presently under the

7  influence of any drugs or alcohol not prescribed?

8  A    No, ma'am.

9           THE COURT:  Have you reviewed with your

10 lawyer, Ms. Freeman, a copy of the indictment in this

11 case?

12 A    Yes, ma'am.

13          THE COURT:  Do you understand the charge

14 against you?

15 A    Yes, ma'am.

16          THE COURT:  Do you also understand the

17 maximum penalty that can be imposed against you if you

18 are found guilty?

19 A    Yes, ma'am.

20          THE COURT:  Are you satisfied with the

21 counsel, representation and advice given to you in

22 this case by Ms. Freeman?

23 A    Yes, ma'am.

24          THE COURT:  Is your willingness to plead

25 guilty the result of conversations that you and

```
 1  Ms. Freeman have had?
 2  A    Yes.
 3           THE COURT:  Do you understand the question?
 4  A    Yes, ma'am.
 5           THE COURT:  Is your decision to plead guilty
 6  one that comes after you and Ms. Freeman have had
 7  certain conversations and discussions?
 8  A    Yes, ma'am.
 9           THE COURT:  And are you aware that
10  Ms. Freeman has also had conversations or discussions
11  with Ms. Redmond, the United States' Attorney?
12  A    Yes, ma'am.
13           THE COURT:  The Court understands that there
14  is no written plea agreement in this case, is that
15  correct?
16           MS. FREEMAN:  That is correct, Your Honor.
17           MS. REDMOND:  That is correct, Your Honor.
18           THE COURT:  Is there an agreement between
19  the defendant and the Government?
20           MS. FREEMAN:  There is.
21           MS. REDMOND:  There is.
22           THE COURT:  Ms. Freeman, would you state,
23  please, the conditions and terms of that agreement.
24           MS. FREEMAN:  Yes, Your Honor.  This plea
25  agreement is being entered pursuant to both 11(a)(2)
```

1   and 11(c)(1)(b) of the Federal Rules of Criminal
2   Procedure.  11(c)(1)(b) means that the Government will
3   be making a recommendation, and Mr. Crawford is not
4   waiving his right to appeal or to bring a
5   postconviction relief action should he decide that to
6   be necessary in the future.
7           11(a)(2) references the fact that this is
8   the a conditional plea preserving the right to
9   preserve the District Court's ruling on the
10  suppression issue, which was previously heard before
11  this Court.  I will enter, Your Honor, a notice, a
12  written notice, this week indicating that as well,
13  that that is with the Government's agreement.  Should
14  the appellate court reverse the District Court's
15  ruling on the motion to suppress, Mr. Crawford would
16  have the right, and would exercise the right, to set
17  aside his guilty plea.
18          At the time of sentencing, Your Honor, the
19  Government agrees that Mr. Crawford is entitled to two
20  points for acceptance of responsibility, and that a
21  third point may be sought at the Government's
22  discretion.  The Government will recommend a sentence
23  at the low end of the guidelines applicable, and there
24  may be a motion for a downward departure pursuant to
25  18 U. S. Code 3553 and United States sentencing

```
 1  guideline provision 2(k)(1).1 relating to substantial
 2  assistance provided by Mr. Crawford to the United
 3  States.
 4          THE COURT:  Is there some reason why this is
 5  not in writing?
 6          MS. FREEMAN:  Yes, Your Honor.  We've
 7  actually had some difficulty communicating.
 8          THE COURT:  All right.
 9          MS. FREEMAN:  Your Honor, I would also state
10  when Miss Redmond and I have discussed the terms of
11  this agreement, I had told her that I would be seeking
12  a motion to continue this case.  While I did not
13  anticipate going to trial, I wanted to have additional
14  time to investigate sentencing issues.  Because of
15  that, she also, and with my agreement, I did not
16  present any written proposal to me.  I did not seek
17  one, and I decided that we would be ready to go ahead
18  with the plea agreement, thus neither of us has had
19  time to exchange language in writing.
20          THE COURT:  All right.  I want to make sure
21  that I understand the basic terms of the agreement.
22  First of all, it's being entered to 11(b)(1)(b) and
23  11(a)(2).  Mr. Crawford -- well, it has 11(c)(1)(c)
24  implications as well, if there is a reversal.
25          MS. FREEMAN:  Yes, Your Honor.  My
```

1   understanding is 11(a)(2) permits Mr. Crawford to
2   request withdrawal of his guilty plea if the Court
3   reverses -- if the appellate court were to reverse.
4   That's within the conditions of 11(a)(2).
5           THE COURT: All right. As a practical
6   matter, let's see if we can review what is in fact
7   happening.
8           Has the district judge entered an order on
9   the motion to suppress?
10          MS. FREEMAN: He has, Your Honor. He upheld
11  the Court's recommendations, and that order was
12  entered on March 5th.
13          THE COURT: All right. Well as I recall,
14  that was a motion which granted in part and denied in
15  part the motion to suppress.
16          MS. FREEMAN: He did, and he upheld exactly
17  as the Court had ruled. It is my belief and
18  assumption that if the Eleventh Circuit, whatever
19  ruling they made on the statements issue, the critical
20  fact for the Government's proof of this matter was the
21  first part of the issue, which is whether or not these
22  actual discovery of the weapon would be suppressed.
23          If that would be suppressed, then we believe
24  there would be sufficient -- the Government would have
25  a problem producing sufficient evidence to support a

1  conviction, and we would be allowed to set aside our
2  plea.  The District Court's present ruling is that the
3  discovery of the weapon was not to be suppressed, but
4  his statements were to be suppressed.
5         THE COURT:  Right.  And has the defendant
6  already filed his appeal?
7         MS. FREEMAN:  No, Your Honor, because this
8  would not be an appeal that we must file
9  interlocutory, it can only be filed after a final
10 judgment is entered in District Court.
11        THE COURT:  All right.  Mr. Crawford, your
12 lawyer has just recited for me the terms and
13 conditions of the agreement that you have with the
14 Government.  Do you understand that the agreement you
15 have with the Government will be communicated to the
16 District Court in the form of a recommendation?
17 A    Yes, ma'am.
18        THE COURT:  For sentencing purposes, the
19 Government has agreed to represent -- to recommend
20 that you be sentenced at the low end of your guideline
21 range?
22        MS. REDMOND:  Yes, ma'am.
23        THE COURT:  What is the low end?
24        MS. FREEMAN:  Your Honor, there was not a P.
25 O. C. done in this case.  It's my belief that the

1  guideline range that I have discussed with
2  Mr. Crawford would be possibly as low as seventy-seven
3  to ninety-six months. But there are several
4  variables, Your Honor, and so there is no specific
5  agreement between us that it would be seventy-seven
6  months.
7          That's the range that I have discussed with
8  Mr. Crawford. There are several variables on that. I
9  don't believe there would be any lower range.
10         THE COURT: All right. Seventy-seven to --
11         MS. FREEMAN: Ninety-six months.
12         THE COURT: Ninety-six. All right.
13         Mr. Crawford, do you understand that the low
14 end of the guidelines for purposes of your sentencing,
15 or the range, is a little over six years to eight
16 years --
17 A    Yes, ma'am.
18         THE COURT:  -- in prison?
19 A    Yes, ma'am.
20         THE COURT: Do you also understand that this
21 agreement permits, but does not require the Government
22 to file an additional motion for a downward departure,
23 thus lowering your sentence even more than the
24 seventy-seven months if that turns out to be the low
25 end of the guidelines?

```
 1   A     Yes, ma'am.
 2              THE COURT:  Do you understand that if you
 3   went to prison after being sentenced in this case, you
 4   would not be released on parole because parole has
 5   been abolished?
 6   A     Yes, ma'am.
 7              THE COURT:  Do you understand that if you
 8   are sentenced in this case, you would be allowed to
 9   withdraw your plea if you appeal the judge's finding
10   on the suppression motion and the Eleventh Circuit
11   reverses that finding?
12   A     Yes, ma'am.
13              THE COURT:  Do you understand that the Court
14   is under no obligation to accept the recommendation in
15   this case?
16   A     Yes, ma'am.
17              THE COURT:  Now let's be clear on this,
18   Ms. Freeman, so that we will know.  What is the result
19   under the agreement if Mr. Crawford appeals the
20   Court's ruling on the suppression motion, the Eleventh
21   Circuit affirms and the Court sentences him to a
22   higher range than contemplated by the agreement?
23              MS. FREEMAN:  The agreement does not
24   contemplate that he would have an automatic right to
25   withdraw his plea.
```

```
 1              THE COURT:  Do you understand that,
 2  Mr. Crawford?
 3  A    Yes, ma'am.
 4              THE COURT:  All right.  And again, just to
 5  make sure you understand, that the Court is not bound
 6  to follow the recommendation in the agreement?
 7  A    Yes, ma'am.
 8              THE COURT:  Has anyone, Mr. Crawford, made
 9  any promises to you as to what might happen to you if
10  you plead guilty?
11  A    No, ma'am.
12              THE COURT:  Has anyone threatened you or
13  said or done anything to coerce you into pleading
14  guilty?
15  A    No, ma'am.
16              THE COURT:  Are you pleading guilty of your
17  own free will?
18  A    Yes, ma'am.
19              THE COURT:  Do you understand that if you
20  plead guilty and it's accepted by this Court, that the
21  adjudication of guilt may deprive you of the right to
22  vote, the right to hold public office, the right to
23  serve on a jury and the right to possess a firearm?
24  A    Yes, ma'am.
25              THE COURT:  Do you understand that if you
```

```
 1  are convicted of this offense, that it will, from that
 2  point forward, be illegal for you to possess a
 3  firearm, whether you use it or not?
 4  A    Yes, ma'am.
 5            THE COURT:  Do you understand that if you go
 6  to prison, you will not be released on parole?
 7  A    Yes, ma'am.
 8            THE COURT:  Do you understand that if you
 9  get out of prison and go on supervised release and
10  violate the terms of your supervised release, you can
11  be returned to prison?
12  A    Yes, ma'am.
13            THE COURT:  Do you understand that the
14  probation office will prepare a presentence
15  investigation report so that the judge can consider
16  your background, your criminal history, your
17  educational and employment background and your
18  financial status?
19  A    Yes, ma'am.
20            THE COURT:  And that you will be expected to
21  cooperate with the probation officer by providing
22  information and answering questions?
23  A    Yes, ma'am.
24            THE COURT:  Do you understand that once the
25  report is prepared, you will have an opportunity to
```

```
 1  object to the report before court, and again during
 2  the sentencing hearing?
 3  A    Yes, ma'am.
 4          THE COURT:  Do you understand, Mr. Crawford,
 5  that you have a continuing right to plead not guilty
 6  in this case?
 7  A    Yes, ma'am.
 8          THE COURT:  That no one can force you to
 9  plead guilty?
10  A    Yes, ma'am.
11          THE COURT:  That you are presumed innocent
12  of the charge until the Government proves your guilt
13  beyond a reasonable doubt?
14  A    Yes, ma'am.
15          THE COURT:  Do you understand that by
16  entering a plea of guilty you are waiving a trial?
17  A    Yes, ma'am.
18          THE COURT:  Do you understand that at a
19  trial you would have the following Constitutional
20  rights:  The right to the assistance of your lawyer?
21  A    Yes, ma'am.
22          THE COURT:  The right to see and hear all of
23  the witnesses against you and have them
24  cross-examined?
25  A    Yes, ma'am.
```

```
 1              THE COURT:  The right to testify on your own
 2   behalf, or not testify, without having that used
 3   against you?
 4   A    Yes, ma'am.
 5              THE COURT:  And the right to the issuance of
 6   subpoenas to compel witnesses to come to court and
 7   testify for you?
 8   A    Yes, ma'am.
 9              THE COURT:  Do you understand that once you
10   enter your plea of guilty, if it is accepted by this
11   Court you will waive all of those rights, including
12   your right to a jury trial?
13   A    Yes, ma'am.
14              THE COURT:  Having stated to the Court that
15   you understand the charge against you, the maximum
16   penalty, your Constitutional rights and the terms of
17   your agreement with the Government, tell the Court how
18   you plead.
19   A    Guilty.
20              THE COURT:  What did you do?  When, and
21   where?
22   A    Possessed a firearm.
23              THE COURT:  When?
24   A    July.
25              THE COURT:  On or about 27 June 2003?
```

```
 1  A    Yes, ma'am.
 2           THE COURT:  Was it in Auburn, Alabama?
 3  A    Auburn, Alabama, yes.
 4           THE COURT:  At the time you possessed the
 5  firearm in June 2003, had you before then been
 6  convicted of a felony?
 7  A    Yes, ma'am.
 8           THE COURT:  In the state of Alabama?
 9  A    Yes, ma'am.
10           THE COURT:  Which felony was it?  What crime
11  was it?
12  A    Assault second.  And what's the other one?
13           THE COURT:  Unlawful distribution of a
14  controlled substance and assault second?
15  A    Yes, ma'am.
16           THE COURT:  It also says in the indictment
17  that you had been convicted of manslaughter in Lee
18  County Circuit Court, is that correct?
19           MS. FREEMAN:  Your Honor, he concedes that
20  he has at least one prior felony conviction, and that
21  he is therefore guilty of a violation of 18 U. S. Code
22  922(g)(1).  I am not certain that we will concede each
23  of the felonies named in count one, but he has stated
24  that he was convicted of assault second degree in the
25  Circuit Court and that qualifies him for a conviction
```

```
 1  under this act.
 2         THE COURT:  It does.
 3         And is there a stipulation between the
 4  parties that the gun traveled in interstate commerce?
 5         MS. FREEMAN:  Yes, Your Honor.
 6         MS. REDMOND:  Yes, Your Honor.
 7         THE COURT:  Then satisfied, Ms. Freeman?
 8         MS. FREEMAN:  Yes, Your Honor.
 9         THE COURT:  And, Miss Redmond?
10         MS. REDMOND:  Yes, ma'am.
11         THE COURT:  It is the finding of the Court
12  in the case of United States of America vs. David
13  Jerome Crawford that the defendant is fully competent
14  and capable of entering an informed plea, that the
15  defendant is aware of the nature of the charges and
16  the consequences of the plea, and that the plea of
17  guilty is a knowing and voluntary plea supported by an
18  independent basis in fact containing each of the
19  essential elements of the offense.  The Court will,
20  therefore, recommend that the plea be accepted and
21  that the defendant be adjudged guilty of the offense.
22         Mr. Crawford has, since the issuance of his
23  bond, been on release, and on Friday, 12 March 2004
24  the probation officer filed a petition to revoke his
25  pretrial release.  Ms. Freeman, do you have a copy of
```

1  that petition?
2           MS. FREEMAN: No, Your Honor, I was unaware
3  of that fact until just this moment.
4           THE COURT: Mr. Dillon? MR. DILLON: Yes,
5  ma'am?
6           THE COURT: One of the allegations in the
7  petition we now know is that these are reversible, and
8  that is the allegation that the defendant's
9  whereabouts are unknown.  However, the defendant is
10 also alleged to have failed to report to his
11 supervising officer on a monthly basis from November
12 2003 through February 2004; second, that the defendant
13 is not residing at the address that he gave to the
14 Court or the probation officer; and, third, that
15 because of his failure to reside at that address he is
16 violating the curfew as set forth by the Court.
17          And finally, Mr. Crawford, though this is
18 not specifically in the petition, by making your
19 whereabouts unknown to the probation officer for that
20 period, you made it impossible for the officer to
21 supervise you.
22          The Court is going to set this matter for a
23 hearing on 30 March at nine a.m. in this courtroom.
24 Mr. Dillon.
25          MR. DILLON: Yes, ma'am?

```
 1              THE COURT:  You are that officer, is that
 2   correct?
 3              MR. DILLON:  That's correct.
 4              THE COURT:  All right.  The Court had
 5   earlier signed an order for the issuance of a warrant.
 6   The Court finds that that is not now necessary now
 7   that the defendant is here.
 8              But, Mr. Crawford, when you return on the
 9   30th, you will be required to answer to these charges.
10   A    Yes, ma'am.
11              THE COURT:  And the Court directs that a
12   summons be issued for the defendant's appearance on 30
13   March 2004 at nine a.m.
14              Do we have a sentencing date, Ms. Keith?
15              COURTROOM DEPUTY CLERK:  They're tentatively
16   set for the 15th of June.
17              THE COURT:  June 15th, 2004 before Judge
18   Albritton.
19              Thank you.
20              MS. FREEMAN:  Thank you, Your Honor.
21              (Whereupon, the proceedings were concluded.)
22
23
24                    * * * * * * * * *
25
```

## COURT REPORTER'S CERTIFICATE

   I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter as prepared by me to the best of my ability.

   I further certify that I am not related to any of the parties hereto, nor their counsel, and I have no interest in the outcome of said cause.

   Dated this 29th day of July 2004.

                                    _____
                                    MITCHELL  P.  REISNER,  CM, CRR,
                                    Official US Dist. Court Reporter
                                    Registered Professional Reporter
                                    Certified   Real-Time   Reporter