```
                                                                    Page 1
 1              IN THE UNITED STATES DISTRICT COURT
 2              FOR THE MIDDLE DISTRICT OF ALABAMA
 3                       EASTERN DIVISION
 4
 5   UNITED STATES OF AMERICA
 6       vs.                           CASE NO:  3:03cr220-A
 7   DAVID JEROME CRAWFORD,
 8           Defendant.
 9
10
11                  * * * * * * * * * *
12                    SENTENCING HEARING
13                  * * * * * * * * * *
14          BEFORE THE HONORABLE W. HAROLD ALBRITTON, UNITED
15   STATES DISTRICT JUDGE, at Montgomery, Alabama, on Wednesday,
16   June 23, 2004, commencing at 11:04 a.m.
17   APPEARANCES:
18   FOR THE GOVERNMENT:       Ms. Susan R. Redmond
                               Assistant United States Attorney
19                             OFFICE OF THE UNITED STATES ATTORNEY
                               One Court Square, Suite 201
20                             Montgomery, Alabama  36104
21   FOR THE DEFENDANT:        Ms. Christine A. Freeman
                               Executive Director
22                             FEDERAL DEFENDERS
                               MIDDLE DISTRICT OF ALABAMA
23                             201 Monroe Street, Suite 407
                               Montgomery, Alabama  36104
24
              Proceedings reported stenographically;
25               transcript produced by computer.
```

---

United States of America v. David Jerome Crawford    June 23, 2004

2

1  (The following proceedings were heard before the Honorable
2  W. Harold Albritton, United States District Judge, at
3  Montgomery, Alabama, on Wednesday, June 23, 2004,
4  commencing at 11:04 a.m.:)
5      THE CLERK: Remain seated. Court will come to order.
6      THE COURT: All right. I'll call United States of
7  America versus David Jerome Crawford. Come forward, please.
8      Mr. Crawford, have you, and Ms. Freeman, have you, as
9  defense counsel, reviewed the presentence report, including any
10 revisions that may have been made after the initial disclosure?
11     MS. FREEMAN: We have, Your Honor.
12     THE COURT: All right. And you have, Mr. Crawford?
13     THE DEFENDANT: Yes, sir.
14     THE COURT: According to the presentence report, there
15 are no objections; is that correct?
16     MS. FREEMAN: That's correct, Your Honor.
17     THE COURT: All right. The United States has filed a
18 motion for the additional one-point downward departure for
19 acceptance of responsibility. I grant that motion, and that has
20 been figured in in the presentence report.
21     MS. REDMOND: Thank you, Your Honor.
22     THE COURT: And there being no objections to the
23 presentence report, the Court adopts the factual findings
24 contained therein with specific findings that the defendant is
25 an armed career criminal and, accordingly, the offense level is

Risa L. Entrekin, RDR, CRR  U.S. District Court
One Church Street, Montgomery, AL  36104  334-240-2405

---

United States of America v. David Jerome Crawford    June 23, 2004

3

1  30, the criminal history category is V, the restricted guideline
2  range is from 180 months to 188 months, the supervised release
3  period is from three years to five years, and the fine range is
4  from $15,000 to $150,000.
5      Ms. Freeman, is there anything you'd like to say before
6  I pronounce sentence?
7      MS. FREEMAN: Yes, Your Honor. Your Honor, as the
8  presentence report indicates, Mr. Crawford is standing before
9  the Court due in large part to his almost constant use of
10 alcohol and drugs since he was very young. The presentence
11 report indicates on page 13 that he began consuming alcohol as a
12 child; that until very recently, he drank three beers and gin
13 every day and drank to the point of intoxication five to six
14 nights per week. Indeed, at the motion to suppress hearing that
15 was before Magistrate Judge McPherson, she made a finding that
16 he was intoxicated at the time of his arrest on this actual
17 offense. He also used marijuana on a weekly basis and used
18 crack cocaine daily. He has an extensive drug and alcohol abuse
19 history.
20     He has also an extensive criminal history, and that
21 criminal history is what has placed him in the armed career
22 criminal category. But I think it's significant that out of the
23 many, many, many arrests that he has had, the three felony
24 convictions that place him in the armed career criminal category
25 are the only three felony convictions. All other arrests and

Risa L. Entrekin, RDR, CRR  U.S. District Court
One Church Street, Montgomery, AL  36104  334-240-2405

---

United States of America v. David Jerome Crawford    June 23, 2004

4

1  convictions are for misdemeanors which are obviously related to
2  intoxication, to his drug and alcohol use -- many DUIs, many
3  public intoxications, many resisting arrests -- inappropriate
4  behavior, dangerous, even, behavior, but behavior that was
5  related to that intoxication.
6      And while I know that the Court perhaps cannot take
7  comfort in this, I would point out that he actually did not have
8  any arrests from his release on his last state custodial
9  conviction until this arrest, and that was two years. And that
10 was the first time in almost 15 years that he had gone for that
11 long a period of time without an arrest at all.
12     So while I understand the probation officer's concern
13 about Mr. Crawford and his future position in the community, I
14 do think that the presentence report, as negative as it may
15 appear, actually does show both the cause for this behavior in
16 the past and the fact that it had started to turn around.
17     The facts of the offense itself before the Court are
18 accurately stated in the presentence report and indicate simply
19 that he was with someone else who was being sought by the
20 police, that he walked away from the police. He engaged in
21 inappropriate altercations with the police. But he had a gun,
22 and that gun was prohibited, and he shouldn't have had that
23 gun.
24     Therefore, Your Honor, I would disagree respectfully
25 with the probation officer's recommendation of the high end. It

Risa L. Entrekin, RDR, CRR  U.S. District Court
One Church Street, Montgomery, AL  36104  334-240-2405

---

United States of America v. David Jerome Crawford    June 23, 2004

5

1  almost doesn't make a difference, because he's looking at 180
2  months and, candidly, we expect to be back before the Court on a
3  matter relating to 18, United States Code, 3553(e), in the
4  future. But the fact is he had made some little bit of progress
5  in view of this very negative record. And the fact of these
6  three serious felony convictions are what eliminated a 30-month
7  range from this Court's ability to even consider that range.
8  But for his status as an armed career criminal, he would have
9  been eligible for a sentencing range of 150 to 188 months.
10     Therefore, Your Honor, I would just suggest that 180 is
11 in fact a very substantial sentence. It reflects accurately the
12 fact that he is an armed career criminal and the fact that he is
13 in that range because of his past criminal behavior, but there
14 is no need for the Court to impose the additional eight-month
15 sentence in view of the fact that there was at least a glimmer
16 that he had started to grow older and more mature and perhaps
17 even move away from what he had been involved in for so long.
18     THE COURT: All right. Mr. Crawford, is there anything
19 you'd like to say?
20     THE DEFENDANT: Yes, sir. I have destructive behavior,
21 and I accept it. And drugs are dangerous and destructive, and I
22 know that. But I know now that to be able to see my
23 grandchildren grow up, I've got to get away from it. So I've
24 just got to take a hundred-degree turn and either do something
25 about my condition or keep on going in a destructive path. But

Risa L. Entrekin, RDR, CRR  U.S. District Court
One Church Street, Montgomery, AL  36104  334-240-2405

6

1  I choose to do something about it. And that's not serving two
2  masters. That's being against drug use. I want to be a
3  counselor one day.
4      THE COURT: All right. Ms. Redmond?
5      MS. REDMOND: Your Honor, per the terms of the oral
6  plea agreement entered into by the parties, at this time, the
7  government would recommend the low end of the applicable
8  guideline be -- excuse me -- guidelines, as determined by the
9  Court.
10     THE COURT: Mr. Crawford, given the nature of your
11 prior background involving a substantial amount of violence and
12 given the nature of all of these matters bringing you to a
13 criminal history category of V, I have considered what your
14 lawyer has said as well as everything in the presentence report;
15 but in view of your past history, I cannot in good conscience
16 sentence you to the minimum that you're entitled to. I'm going
17 to sentence you to the maximum amount of 188 months.
18     What I am going to do, Mr. Crawford, is something that
19 may save your life. And that is I'm going to recommend that you
20 be sent to an institution that has intensive residential
21 substance abuse treatment available. That federal program is
22 supposed to be a fine program that helps people break
23 addictions. That's where your problem is, and that's what you
24 need to do something about. It only works if you want to make
25 it work. From what you just said to me a few minutes ago, you

7

1  seem to recognize that you've got to be the one to change
2  things. You'll have a chance to do that with this program while
3  you're in prison, and I hope you do. You're going to be there
4  for a long time. But you break this addiction and turn your
5  life around, and you can do some good things while you're still
6  in the prison system and, when you get out, be a different man.
7  I hope you'll take advantage of it.
8      THE DEFENDANT: (Nods head)
9      THE COURT: The sentence will now be stated, but you
10 will have a final chance to make legal objections before the
11 sentence is imposed.
12     Pursuant to the Sentencing Reform Act of 1984, it is
13 the judgment of the Court that you are hereby committed to the
14 custody of the Federal Bureau of Prisons to be imprisoned for a
15 total term of 188 months. The Court recommends that you be
16 designated to a facility where intensive residential substance
17 abuse treatment is available. You are remanded to the custody
18 of the United States Marshal.
19     You shall pay to the U.S. District Court Clerk a
20 special assessment fee of $100, which is due immediately. Based
21 on your inability to pay, the Court waives imposition of a
22 fine.
23     Upon release from imprisonment, you shall be placed on
24 supervised release for a term of five years. Within 72 hours of
25 release from custody, you shall report to the probation office

8

1  in the district to which you are released. While on supervised
2  release, you shall comply with the mandatory and standard
3  conditions of supervised release on file with this court.
4      The Court also orders the following special
5  conditions. You shall participate in drug testing and/or
6  treatment if directed by the probation officer. You shall
7  contribute to the cost of any treatment based on ability to pay
8  and availability of third-party payments. You shall submit to a
9  search of your person, residence, office, or vehicle pursuant to
10 the search policy of this court.
11     The Court finds that there is no identifiable victim
12 who incurred a financial loss as a result of this offense.
13     Now, are there any objections to the sentence or to the
14 manner in which the Court pronounced it? For example, do you
15 have any objections to the Court's ultimate findings of fact or
16 conclusions of law? If you fail to state such fully articulated
17 objections at this point, you run the risk of being unable to
18 raise such objection on appeal.
19     Ms. Freeman?
20     MS. FREEMAN: Your Honor, we have no objections to the
21 sentence. I would note that this is a conditional plea pursuant
22 to Rule 11(a)(2) of the Federal Rules of Criminal Procedure.
23     THE COURT: Yes, it is a conditional plea.
24     Ms. Redmond?
25     MS. REDMOND: Judge, I have no objection to the

9

1  sentence as stated by the Court. I just have one question. I
2  wasn't sure I heard the Court announce an assessment fee in this
3  case.
4      MS. FREEMAN: Yes.
5      MS. REDMOND: Okay. I apologize, Your Honor.
6      THE COURT: I think I did. If not, there is a special
7  assessment fee of $100 due immediately.
8      MS. REDMOND: Is that $100 per count, Your Honor?
9      THE CLERK: There's just one count.
10     MS. REDMOND: Please excuse me. I'm sorry.
11     THE COURT: Okay.
12     MS. REDMOND: Excuse me.
13     THE COURT: All right. Mr. Crawford, you have the
14 right to appeal. As stated by your lawyer, this was a
15 conditional guilty plea, and you have the right to appeal. Any
16 appeal must be taken within ten days. If you cannot afford the
17 cost of an appeal, you have the right to apply for leave to
18 appeal in forma pauperis. And if you're eligible for that, you
19 will be furnished with a free lawyer and a free transcript. You
20 are committed to the custody of the United States Marshal.
21     MS. FREEMAN: Thank you, Your Honor.
22     MS. REDMOND: Your Honor, I believe that's all I have
23 before the Court today. May I be excused?
24     THE COURT: You may, Ms. Redmond.
25     MS. REDMOND: Thank you for your patience, Judge.

United States of America v. David Jerome Crawford          June 23, 2004

                                                                      10
1   (Proceedings concluded at 11:16 a.m.)
2              * * * * * * * * * *
3              COURT REPORTER'S CERTIFICATE
4       I certify that the foregoing is a correct transcript
5   from the record of proceedings in the above-entitled matter.
6       This 4th day of August, 2004.

                    [signature]
                    RISA L. ENTREKIN, RDR, CRR
9                   Official Court Reporter
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Risa L. Entrekin, RDR, CRR  U.S. District Court
One Church Street, Montgomery, AL  36104  334-240-2405