[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 04-13452
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 31, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00220-CR-A-E

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID JEROME CRAWFORD,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Alabama

(January 31, 2005)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

On June 27, 2003, a team of officers of the Auburn, Alabama Police Department had a warrant for the arrest of Arbert Tyrail Smith, a drug dealer known to carry a firearm. They thought they might find Smith at his residence, so

they set up a surveillance there. Soon, they saw Smith and another individual leave the residence and drive away in an automobile. The officers stopped the car to effect Smith's arrest. As the officers approached Smith, whom they assumed was probably Smith, appellant got out of the car from the passenger's side and began walking away; he was holding a beer bottle in his right hand and something in his left hand. Patrick McCulloch, one of the Department's narcotics investigators who was in plain clothes, and Myron Thornton, a uniformed officer, announced themselves as police officers and ordered appellant to stop. After going a few steps further, appellant turned around, and Thornton noticed what appeared to be the butt of a handgun in his waistband. Thornton immediately subdued appellant, taking him to the ground and putting him in handcuffs. At this point, McCulloch discovered that appellant was not Smith (whom he had known from previous personal encounters). Nonetheless, because appellant had a pistol in his waistband, and a bag of marijuana in his left hand, the officers arrested him for carrying a concealed weapon, possession of marijuana, and resisting arrest.

Appellant was indicted for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). He thereafter moved the district court to suppress the handgun and other evidence seized from him as a consequence of his arrest, including statements he made to the police at the station

house. The motion was referred to a magistrate judge who conducted an evidentiary hearing and found the facts recited above. In her Recommendation to the district court, she concluded that the officers lawfully stopped the automobile in which Smith and appellant were riding because they had a warrant for Smith's arrest. In addition, because the officers did not know which of the two passengers in the car was Smith, she found that "it was necessary to determine each passenger's identity by questioning both of them." She recommended that the district court deny appellant's motion to suppress the gun and the bag of marijuana on the grounds that the officers had probable cause to arrest appellant for a felony once they saw the gun in his waistband and the bag of marijuana in his hand and that the subsequent search was incident to that lawful arrest.

Turning to appellant's post-arrest statements to the police—regarding his acquisition of the gun and why he kept it—the magistrate judge held the statements involuntary because appellant was intoxicated at the time he made them.

The district court, agreeing with the magistrate judge's "credibility assessments," concluded in its dispositive order that after the officers's lawful stop of the car, "security [was] a priority. [Appellant's] immediate exit and attempt to leave the scene, under all the circumstances, certainly made it reasonable, if not

3

imperative, that he be stopped for the sake of security, and the weapon was quickly observed." The court further concluded that although appellant's "mere possession of a gun and marijuana at the same time [was] not enough alone to prove [a felony] offense, it was sufficient evidence of a felony violation to authorize a warrantless search." In sum, the court accepted the magistrate judge's findings and her legal conclusions and denied the motion to suppress with the exception of the appellant's post-arrest statements. As for those statements, the court granted appellant's motion.

Appellant entered a conditional plea of guilty to the indictment, reserving the right to challenge the court's partial denial of his motion to suppress. He now appeals that denial. We affirm.

When appellant got out of the car and began to walk away, the officers had reasonable suspicion "that criminal activity may be afoot." Terry v. Ohio, 392 U.S. 1, 30-31, 88 S.Ct. 1868, 1884-85 (1968). Once appellant turned to face the officers and they observed what appeared to be the butt of a gun in his waistband, they had probable cause to believe that a felony offense was occurring. This justified appellant's immediate detention and warrantless search of his person.

AFFIRMED.

4

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia