IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:06cv14-WHA |
| | ) | [WO] |
| DAVID JEROME CRAWFORD | ) | |

**O R D E R**

In its answer to the 28 U.S.C. § 2255 motion filed on 31 December 2005 by the movant, DAVID JEROME CRAWFORD ["Crawford"], and at a status and scheduling conference held before the undersigned on 28 February 2006, the Government concedes that Crawford's guilty plea was, as Crawford claims, unknowingly entered and that Crawford is therefore entitled to have his conviction and sentence vacated.

On 15 February 2006, in light of the Government's concession and the matters presented in Crawford's § 2255 motion, this court entered an order appointing the Federal Defender for this district to represent Crawford in all further proceedings (Doc. # 4). On 3 March 2006, pursuant to CJA 20, this court entered an order terminating its appointment of the Federal Defender and appointing attorney John Fairley McDonald III to represent Crawford in these proceedings (Doc. # 6).

At the status and scheduling conference held on 28 February 2006, Assistant United States Attorney Susan Redmond indicated the Government's willingness to negotiate a new plea agreement with Crawford should this court vacate Crawford's conviction and sentence based on his claim that his guilty plea was unknowingly entered.

Accordingly, and for good cause, it is **ORDERED** as follows:

1. Counsel for Crawford and the Government are directed to confer regarding the possible terms of a new plea agreement between Crawford and the Government.

2. On or before 1 May 2006, counsel for Crawford and the Government shall file with the court a joint report on the status of any such plea negotiations.

3. The court's determination of the issues presented in Crawford's § 2255 motion is held in abeyance until 1 May 2006, pending the filing of the joint report by counsel.

The undersigned notes that this court's ruling denying Crawford's motion to suppress items seized from his person as a consequence of his arrest was reserved by Crawford as an issue for appeal at the time he entered his original guilty plea. That issue was subsequently litigated by Crawford in the Eleventh Circuit Court of Appeals, which held that this court correctly denied Crawford's motion to suppress. *See United States v. Crawford*, No. 04-13452 (11th Cir. Jan. 31, 2005) (unpublished opinion). Therefore, this court finds that Crawford shall not be entitled to relitigate issues relating to his motion to suppress in these or any further proceedings in this court.

DONE this 13th day of March, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE