IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:06CV14-WHA |
| | ) | |
| DAVID JEROME CRAWFORD, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

The court granted the defendant's counsel's motion to withdraw on 1 June 2006 (Doc. # 17). In an order entered on the same date, the court directed the defendant to execute and return to the court a Waiver of Counsel form if he wished to negotiate directly with the government regarding disposition of his criminal case (Doc. # 18). The defendant filed his Waiver of Counsel on 19 June 2006 (Doc. # 19). After acknowledging his right to be represented by counsel, the defendant stated:

> Being advised of my rights, I do hereby waive and relinquish
> my right to be represented by counsel in the resolution of motion
> to vacate. Reserving my rights to be represented if trial is
> necessary.

The defendant's waiver is unclear, and the court is compelled to address the questions that it raises.

The instant case, Civil Action No. 3:06CV14-WHA, is a civil case, commenced when the defendant filed a Motion to Vacate, Set Aside or Correct Sentence on 6 January 2006 (Doc. # 1). The sentence in question was imposed in a criminal case, 3:03CR220. The

defendant seeks to re-negotiate his plea agreement to lower his sentence. As of March 2006, counsel for the defendant and counsel for the government agreed in principle that the defendant should receive "the lowest possible sentence available to him pursuant to his Armed Career Offender status" (Doc. # 11, Status Report, 4/2/06).

In view of the progress made by the parties in resolving the instant motion and the withdrawal of the defendant's counsel, the court entered an order on 1 June 2006 directing the defendant's filing of a waiver of counsel if he wished to pursue the negotiations on his own accord. While the court is hopeful that the defendant's and the government's negotiations will lead to a new plea agreement that is satisfactory to both sides in this case, it is possible that the parties may not ultimately reach an agreement, and it is possible that the court may have to receive evidence at a hearing or proceeding that the defendant may regard as a "trial".

The defendant's use of the word "trial" in his waiver thus triggers uncertainty regarding his intentions and his rights. In fact, in this civil case, i.e., the motion to vacate his sentence, the defendant has no "right to counsel" under the Sixth Amendment, because it is not a criminal case. On the other hand, if the court's ruling vacated the defendant's sentence, and he was ultimately given a new criminal trial, he would be entitled to counsel. Finally, the defendant is ADVISED that, although he is entitled to waive his right to counsel in criminal cases, he may request counsel or revoke his waiver at any time.

The defendant is REMINDED that the government has already conceded that his motion should be granted and is prepared to prepare a plea agreement that reflects the aforestated agreement. When the plea agreement is signed, the court will enter a

Recommendation that the motion be granted, and upon its adoption by the court, schedule a guilty plea hearing at which the defendant would appear to enter his plea under the new terms.

The defendant's reservation of rights if a trial is necessary is confusing, however. The defendant would certainly be afforded counsel if he is ever involved in a new criminal trial. If, however, an evidentiary hearing is required in this case for some reason, the defendant may not have counsel. Accordingly, it is hereby ORDERED as follows:

1.    The defendant is DIRECTED to consider the attached Waiver of Counsel, and, if he wishes to negotiate directly with the Assistant United States Attorney, Susan Redmond, Esq., he should sign the Waiver, file it with the Clerk of the court on or before 14 July 2006, and serve a copy on Ms. Redmond. If the defendant does not wish to sign the waiver, he shall notify the court on or before 14 July 2006.

2.    Upon his filing of the Waiver, government's counsel, Ms. Redmond, shall confer directly with the defendant for the purpose of preparing a new plea agreement.

3.    On or before 4 August 2006, government's counsel shall advise the court whether the plea agreement has been signed by both parties. If the agreement has been signed, the court will enter a Recommendation that the defendant's motion be granted, with further proceedings to follow.

DONE this 30th day of June, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

UNITED STATES OF AMERICA,              )
                                       )
                    Plaintiff,         )
                                       )
v.                                     )    CIVIL ACTION NO. 3:06CV14-WHA
                                       )    [WO]
DAVID JEROME CRAWFORD,                 )
                                       )
                    Defendants.        )

## WAIVER OF COUNSEL

I am the defendant in the above-entitled cause.  I have been advised by the United States

Magistrate Judge of my right to be represented by counsel, and if financially unable to obtain

counsel, of my right to have counsel appointed without cost to me.  I have been asked by the

United States Magistrate Judge whether I desire counsel in this case.

Being advised of my rights, I do hereby voluntarily waive and relinquish my right to

be represented by counsel in the negotiation of my guilty plea and the resolution of the

motion to vacate my sentence.   I understand that I may revoke this waiver at any time and

request that counsel be appointed to represent me.


Dated: _____          _____
                                         DAVID J. CRAWFORD
                                         Defendant