IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:06CV014-WHA |
| | ) | |
| DAVID JEROME CRAWFORD | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The petitioner, DAVID JEROME CRAWFORD ["Crawford"], filed a motion on to vacate or set aside the sentence imposed upon him in this court on 6 July 2004 (Doc. # 1).[1] Crawford was indicted on 23 September 2003 on the single count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).[2] Crawford entered a plea of guilty on 15 March 2004, and on 23 June 2004, the court sentenced Crawford to a term of 188 months (15 years, 8 months) in prison and five years of supervised release thereafter.

Crawford's Motion to Vacate his sentence was based upon his claim that his plea of guilty was not knowing or voluntary because he did not understand the consequences of his plea. The parties have negotiated a settlement of the motion and have jointly requested the court to vacate Crawford's current sentence and re-sentence him pursuant to a proposed plea agreement that the parties have executed and submitted to the court. The plea agreement is attached to this Recommendation as Exhibit 1.

---

[1] Crawford's criminal case was 3:03CR220-WHA.

[2] When he was indicted, Crawford had been convicted in the Circuit Court of Lee County, Alabama of three prior felonies: Manslaughter in 1970, Unlawful Distribution of a Controlled Substance in 1991, and Assault 2nd Degree in 1997.

Accordingly, it the Magistrate Judge recommends that the motion be GRANTED.

## I. DISCUSSION

When Crawford was indicted, he was advised the maximum term of imprisonment that could be imposed upon him was not more than 10 years and that his maximum term of supervised release was three years. However, because Crawford was determined to have been an Armed Career Criminal[3] with an offense level of 30 and a criminal history category of V, the Presentence Investigation report prepared after Crawford's guilty plea concluded that his statutorily-mandated minimum term of imprisonment was 15 years, with a maximum of life.

Crawford filed his motion from the federal prison facility in Edgefield, South Carolina, but when it became apparent that the government was willing to discuss settlement, the court directed that he be transported to the Middle District. He has remained here throughout the proceedings.

Crawford and the government's counsel negotiated the settlement of his motion. On 15 June 2006, Crawford executed a written Waiver of Counsel, which stated in pertinent part:

> Being advised of my rights, I do hereby voluntarily waive and relinquish my right to be represented by counsel in *the resolution of motion to vacate. Reserving my rights to be represented if trial is necessary.*

---

[3]See 18 U.S.C. §924(e), setting the minimum term of imprisonment at 15 years if the defendant "had three previous convictions by any court referred to in section 922 (g)(1) . . . . for a violent felony or a serious drug offense, or both".

(Doc. # 19; Italics indicate Crawford's written addition to the printed form).[4]

During Crawford's prosecution of his motion, the court set and conducted three status conferences with the parties: 14 September 2006 (Doc. # 29), 10 October 2006 (Doc. # 31), and 20 October 2006 (Doc. # 35). Following the second status conference, the court appointed an attorney to advise Crawford in his plea negotiations. His appointed counsel, Roianne Houlton Conner, Esq., assisted him and appeared with him at the final status conference. Mrs. Conner and the government's counsel, represented to the court that the plea agreement reached by the parties (Exhibit 1) fully and accurately reflected their desired outcome. Crawford expressly confirmed their representation.

Pursuant to the agreement, entered pursuant to Rule 11(c)(1)(C) of the FED. RULES OF CRIM. PRO., the parties contemplate that Crawford's sentencing range will be reduced to a period between 72 to 88 months and that the term of supervised release will be reduced to three years. The United States further agreed, inter alia, to recommend to the court that Crawford "be placed at Talladega Federal Correctional Facility or some other Federal Facility where he may receive maximum, intensive drug treatment" (Exh. 1). Although the agreement also routinely requires Crawford to pay the $100.00 Assessment Fee, the parties acknowledged in open court that he had already paid the fee.

---

[4] The form permits the U. S. Magistrate Judge to witness Crawford's execution, but he signed his waiver in South Carolina, and it appears to have been notarized there.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that, for the reasons stated herein, the motion should be GRANTED and the court should conduct further proceedings consistent with the parties' agreement.

On 20 October 2006, Crawford and the government expressly waived the right in open court to make objections to this Recommendation; thus, a final judgment on the Motion to Vacate need not be stayed for a period of 13 days, as generally required by 28 U.S.C. § 636 (b)(1).

DONE this 23rd day of October, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE